UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DAVID P. MCDONALD,

            **Plaintiff,**

-against-                  7:05-CV-55

ALBERTO L. GONZALES, Attorney
General of the United States;
FEDERAL BUREAU OF PRISONS,

            **Defendants.**
_____

THOMAS J. McAVOY,
Senior United States District Judge


## DECISION & ORDER

  The Court *sua sponte* reconsiders its previous order denying, for the second time, Plaintiff's request for an extension of time to file a Notice of Appeal. See 5/8/07 Endorsed Order [dkt. # 53]; see also 4/26/07 Endorsed Order [dkt. # 50] .

> The time for filing a notice of appeal in a civil case is governed by Rule 4 of the Federal Rules of Appellate Procedure. See Fed. R. Civ. P. 4(a)(1). . . . The requirements of Rule 4 are "mandatory and jurisdictional."  Thus, a district court's authority to extend the time for filing a notice of appeal is "severely circumscribed." Endicott Johnson Corp. v. Liberty Mutual Insur. Co., 116 F.3d 53, 56 (2d Cir. 1997); see also Neishlos v. City of New York, No. 00-CV-914, 2003 WL 22990083 at *1 (S.D.N.Y. Dec. 18, 2003).

Dempster v. Dempster, 404 F. Supp. 2d 445, 447 (E.D.N.Y. 2005).

  Rule 4(a)(5)(A)(ii) permits a district court, "upon a showing of good cause or excusable neglect, [to] extend the 30-day appeal period for up to 30 days from the original deadline or until 10 days after the date of entry of the order granting the motion, whichever is later." Endicott, 116 F.3d at 56.   Plaintiff's first request for an extension of time to file a Notice of Appeal was denied

because he failed to show good cause or excusable neglect for his inability to file a timely Notice of Appeal. See 4/26/07 Endorsed Order (citing Fed. R. App. P. 4(a)(5)(A)(ii)). Plaintiff made no argument why he could not file a timely Notice of Appeal, but, instead, merely argued the merits of his appeal. See id. An argument on the merits of an appeal does not satisfy Fed. R. App. P. 4(a)(5)(A)(ii)'s requirement of demonstrating good cause or excusable neglect for failing to timely file. See Myers v. New York City Human Rights Com'n, 2006 WL 2053317, at * 1 (S.D.N.Y. July 21, 2006) ("[E]xcusable neglect applies in situations where there is fault, the good cause standard may be invoked where the cause for missing the deadline was entirely beyond the control of the moving party, for example, where the Postal Service fails to deliver the notice of appeal.").

In his renewed motion filed on May 8, 2007, Plaintiff argued that he needed a 30 day extension because he is proceeding *pro se* and needed time "to prepare the necessary paper work required to accurately prepare my appeal and to research the necessary document that I need." See 5/8/07 Endorsed Order [dkt. # 53]. Plaintiff also argued the merits of his appeal as he had done in his first motion. Id.

The Court denied the request as untimely and for failure to show good cause or excusable neglect. Id. Upon reconsideration, the Court determines that its conclusion was partly correct. Plaintiff did not demonstrate circumstances beyond his control that would have caused him to miss the filing deadline. Therefore, he did not show good cause.

He also did not show excusable neglect.

> A party's *pro se* status is relevant in determining whether there has been excusable neglect. See United States v. Taylor, No. 97 Cr. 490, 1998 WL 118173, at *2 (S.D.N.Y. March 16, 1998). However, it does not by itself excuse a litigant from complying with procedural rules. See Chiulli v. Internal Revenue Service, No. 03 Civ. 6670, 2005 WL 3021179, at *3 (S.D.N.Y. Sept. 21, 2005) (citing cases). Consequently, the absence of representation does not qualify as excusable neglect. See Straehle v. INA Life Insurance Co., No. CV-01-7180, 2005 WL 3388612, at *3 (E.D.N.Y. Dec. 8, 2005) (*pro se* status and "garden variety claim of ignorance of the law" not excusable neglect); Chiulli, 2005 WL 3021179, at *2-3 (*pro se* plaintiffs's travel plans and lack of knowledge of filing deadline not excusable neglect); Bass v.

>   NYNEX, No. 02 Civ. 5171, 2004 WL 2674633, at *3 (S.D.N.Y. Nov. 23, 2004) (*pro se* plaintiff's job schedule, need to read lengthy opinion, and desire to confer with counsel not excusable neglect).

Myers, 2006 WL 2053317, at * 2.  Other than his *pro se* status, Plaintiff presented no reasons equating with excusable neglect.  The Court presumes that "the necessary document that [Plaintiff] need[s]" that is referenced in his motion is a Notice of Appeal.  A form for a Notice of Appeal can easily be found, among other places, on the "forms" page of the United States Court of Appeals for the Second Circuit's web site.[1]  The failure to locate such a form or to file a simple Notice of Appeal in a timely fashion is not excusable neglect.  Similarly, the need to compile "the paper work" for an appeal, or research the legal issues involved in the appeal, is not excusable neglect. As discussed above, the merits of an appeal are irrelevant to whether a party has demonstrated good cause or excusable neglect.

Consequently, in his May 8, 2007 motion Plaintiff failed to present a justifiable basis for extension of the time to file a Notice of Appeal.  However, the Court erroneously concluded that the motion was also untimely.  Because the defendant in this action is the United States, Plaintiff is afforded sixty (60) days after entry of judgment to file his Notice of Appeal. See Fed. R. App. P. 4(a)(1)(B).  Judgement was entered on March 27, 2007. See Judgment [dkt. # 48].  Sixty days from March 27, 2007 is May 26, 2007.  Excluding Saturday May 26, Sunday May 27, and Memorial Day (May 28), 2007, the time period by which Plaintiff must file a timely Notice Appeal expires on May 29, 2007.  See Fed. R. Civ. P. 6(a).  Inasmuch as Plaintiff's time to file a Notice of Appeal had not expired on May 8, 2007 (and has not yet expired), his time to file a motion for an extension of this time had not expired either. See Fed. R. App. P. 4(a)(5)(A)(i).

Therefore, it is hereby

**ORDERED** that Court's previous Order is amended to read as follows.  Plaintiff's May 8,

---

[1] http://www.ca2.uscourts.gov/COAForms.htm.

2007 motion for an extension of time of 30 days to file a Notice of Appeal is **DENIED** because he has failed to demonstrate good cause or excusable neglect justifying the extension.  See Fed. R. App. P. 4(a)(5)(A)(ii).

**IT IS SO ORDERED.**

**Dated:** May 23, 2007

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge