UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DAVID P. MCDONALD,

                                Plaintiff,

      vs.                                             Civil Case No. 05-CV-55

ERIC H. HOLDER, JR., ATTORNEY
GENERAL OF THE UNITED STATES;[1]
FEDERAL BUREAU OF PRISONS,

                                Defendants.
_____

THOMAS J. McAVOY,
Senior United States District Judge

## DECISION & ORDER

## I. INTRODUCTION

      Presently before the Court is Plaintiff's motion for reconsideration of the Court's March 27, 2007 Decision and Order [dkt. # 47],[2] and for appointment of counsel. Dkt. # 62. For the reasons that follow, Plaintiff's motion is denied.

---

[1] Plaintiff's action was brought against John Ashcroft in his official capacity as Attorney General of the United States and against the Federal Bureau of Prisons (the U.S. Dept. of Justice Agency that employs plaintiff). Because Eric H. Holder, Jr., succeeded Alberto Gonzales, who succeeded John Ashcroft, as the Attorney General of the United States, and because plaintiff brings no individual capacity claims against John Ashcroft and/or Alberto Gonzales, Eric H. Holder, Jr., is substituted for Alberto Gonzales, pursuant to Fed. R. Civ. P. 25(d)(1).

[2] That Decision and Order granted Defendants' motion for summary judgment and dismissed the action.

1

**II.     BACKGROUND**

The procedural background of this action up to the time of the time of the March 27, 2007 Decision and Order is set forth in detail in that Decision and Order.  <u>See</u> dkt. # 47. Familiarity with this Decision and Order is presumed.

For the reasons set forth in the March 27, 2007 Decision and Order, summary judgment was granted to Defendants on all claims.  Judgement was entered for Defendants on March 27, 2007.  Thereafter, Plaintiff's applications for an extension of time in which to file a Notice of Appeal were denied.  <u>See dkt</u>. # 50, # 53, and # 54. Plaintiff filed a timely Notice of Appeal on May 25, 2007, appealing to the United States Court of Appeals for the Second Circuit.  <u>See</u> dkt. # 55; Fed. R. App. P. 4(a)(1)(B)(notice of appeal my be filed within 60 days when the United States is a party).

Plaintiff's appeal was dismissed on February 8, 2008 because Plaintiff failed to respond to the Circuit Court's Order to Show Cause why he had not filed his appellate brief as specified in the Circuit Court's scheduling order.  <u>See</u> Mandate, dkt. # 60.

Plaintiff's instant motion was filed via a letter to Chief Judge Norman A. Mordue received on February 22, 2010.  Dkt. # 62.

**III.    DISCUSSION**

    <u>a.</u>     **Motion for Reconsideration**

Plaintiff's motion for reconsideration must be denied because it is both untimely and without merit.

As to the timeliness of the motion, it is presumed that Plaintiff moves pursuant to Fed. R. Civ. P. 60(b) to vacate the March 27, 2007 Judgment.  A motion under Rule

60(b)(1)-(3) must be made within one year after the judgment. See Fed. R. Civ. P. 60(c)(1). Any such motion here, made 35 months after entry of judgment, is untimely. Plaintiff does not assert any grounds that would warrant relief under Rule 60(b)(4) or (5). That leaves Rule 60(b)(6), which allows relief from a judgment for "any other reason that justifies relief."

A motion under Rule 60(b)(6) must be made within a reasonable time. See Fed. R. Civ. P. 60(c)(1). What is reasonable entails a balancing of the interest in finality with the reasons for the delay. Grace v. Bank Leumi Trust Co. of NY, 443 F.3d 180, 190 n.8 (2d Cir. 2006). "[A] Rule 60(b)(6) motion requires 'extraordinary circumstances,' which 'typically do not exist where the applicant fails to move for relief promptly.'" Id. (quoting 12 Moore's Federal Practice § 60.48[3][c] and Transaero, Inc. v. La Fuerza Area Boliviana, 24 F.3d 457, 462 (2d Cir. 1994)).

The Court finds that Plaintiff has not made the motion within a reasonable time. Plaintiff offers no justifiable reason why the motion could not have made sooner, particularly in light of the Second Circuit's dismissal of his appeal back on February 8, 2008. See Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009) (Rule 60(b)(6) motion timely when made within days after remand to district court); Alston v. Quik Park Garage Corp., 205 F.3d 1321, 2000 WL 232188 (unpublished) (18 months was not a reasonable time); Amoco Overseas Oil Co. v. Compagnie Nationale Algerienne de Navigation, 605 F.2d 648 (2d Cir. 1979). Plaintiff has asserted nothing constituting extraordinary circumstances preventing the filing of a reasonably prompt motion.

Assuming, *arguendo*, that motion was timely, the Court finds no reason warranting reconsideration. The standard for granting a motion for reconsideration is strict. "The high

3

burden imposed on the moving party has been established in order to dissuade repetitive arguments on issues that have already been considered by the court and discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court [and] to ensure finality and prevent the practice of a losing party examining a decision and then plugging the gaps of the lost motion with additional matters." Nowacki v. Closson, 2001 WL 175239, *1 (N.D.N.Y. Jan. 24, 2001) (Munson, J.) (internal citations and quotations omitted).  Reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.' " Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998).  Reconsideration will "generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255 (2d Cir. 1995).

The Northern District of New York "recognizes only three possible grounds upon which a motion for reconsideration may be granted: (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct clear error of law to prevent manifest injustice." U.S. v. Li, 2006 WL 2375475, at *1 (N.D.N.Y. 2006).  Plaintiff has demonstrated none of these.

Plaintiff's basis for reconsideration is that he feels he was subjected to an injustice in this Court.  His arguments are unavailing.  Plaintiff first argues that "the Government did not play [fair]" because it may have mailed copies of documents to Plaintiff, the originals of which were sent to now-retired U.S. Magistrate Judge Gustave J. Di Bianco, using Plaintiff's correct mailing address but with the name "David McCullough" on the envelope.

Plaintiff asserts that "the mailman would just send them back to the court house."

Assuming, *arguendo*, that this occurred, it provides an insufficient basis for reconsideration. The case was resolved on a motion for summary judgment which Plaintiff responded to. See Plf. Response, dkt. # 46. The purportedly mis-addressed letters (or documents) were mailed at stages of the litigation before the summary judgment motion. Plaintiff cites to no prejudiced suffered by the mis-addressed letters, and the Court finds none. This does not constitute a manifest injustice warranting reconsideration.

Similarly, Plaintiff's complaint about the process used to explore the appointment of an attorney for him also does not constitute a manifest injustice warranting reconsideration. To assist the Court in determining whether Plaintiff's claims were "of substance" so as to merit the appointment of *pro bono* counsel, the Court appointed a private law firm for the limited purpose of reviewing Plaintiff's case and issuing a confidential report to the Court. See 8/14/06 Order, dkt. # 30; 10/6/06 Amended Order, dkt. # 38; see also 28 U.S.C. § 1915; Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997); Hodge v. Police Officers, 802 F.2d 58 (2d Cir. 1986); Coronado v. LeFevre, 886 F. Supp. 220, 225 n. 8 (N.D.N.Y. 1995)(noting that, in determining whether to appoint pro bono counsel for an indigent plaintiff, a court may rely in part on an evaluation by a member of the bar as to the merits of the case)(Pena v. Choo, 826 F.2d 168 (2d Cir. 1987)). After reviewing the confidential report, the Court denied the application for appointment of counsel but released the confidential report to Plaintiff so he could, "if he so chooses, use the report as a guide in responding to Defendant's motion, taking care to fill the gaps that the independent evaluator has pointed out as fatal problems." 10/26/06

5

Order, dkt. # 42.  The Court further warned Plaintiff that he

> must respond to the motion for summary judgment as *he* deems appropriate. The Court is not saying that the legal and/or factual conclusions reached by the independent evaluator are correct or not, but only that the report appears to be representative of the advice Plaintiff would get if he were appointed an attorney.  In response to the motion for summary judgment, Plaintiff must present the evidence of crucial facts concerning his claims, and must make legal arguments to withstand the pending summary judgment motion.

Id. pp. 6-7 (emphasis in original).

Thus, unlike the majority of *pro se* litigants who are denied appointed counsel in civil matters, Plaintiff was afforded the neutral evaluator's confidential report before Plaintiff responding to the motion for summary judgment.  The Court reviewed the motion for summary judgment based upon the submissions of the parties, and issued a detailed Decision and Order that explained the Court's holding complete with record and case law citations. The Court's decision was based solely upon the record placed before the Court by the parties and the state of the law as it existed.  The neutral evaluator's confidential report had no impact on this decision.  Plaintiff's avenue to challenge the Court's decision was through the appellate process, not through a belated motion for reconsideration based upon nothing more than his subjective perception that he suffered an injustice by the procedure employed.

The Court finds that there exists no basis to grant reconsideration and, therefore, the motion is denied.

Plaintiff's current motion for appointment of counsel is denied as both moot and for lack of merit of the underlying claim.

**III.    CONCLUSION**

For the reasons set forth above, Plaintiff's motion [dkt. # 62] is **DENIED** in all respects.

**IT IS SO ORDERED**

**DATED:** April 15, 2010

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge